UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIHO MARINAC,

                    Plaintiff,

v.

MONDELEZ INTERNATIONAL, INC.,

                    Defendant.

Civil Action No. 14-7606 (WJM)

OPINION

**FALK, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion for leave to amend his Complaint. (CM/ECF No. 70.) The motion is opposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **granted**.

## BACKGROUND

*A. Factual and Procedural History*

This is an employment discrimination case. Plaintiff Tiho Marinac was employed as a Senior Business Development Manager for Defendant Mondelez International, Inc. ("Mondelez" or "Defendant"). (Am. Compl. ¶ 6.) Plaintiff was terminated from his employment in May 2014. (Id. at 10.) Plaintiff was 54 years old and had worked for Mondelez and its predecessors for more than 10 years at the time of his termination.

(Id. at 10.)  According to Plaintiff, following his termination, Mondelez replaced Plaintiff with a person more than 20 years younger. (Id. at 16.)

On October 16, 2014, Plaintiff filed a single count Complaint against Mondelez in state court asserting a claim of age discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq*.  Mondelez removed the case on diversity jurisdiction grounds.  Following dispositive motion practice, Plaintiff filed an Amended Complaint (FAC) on April 30, 2015 asserting a single count under NJLAD.[1]  Mondelez filed an Answer on May 14, 2015.  On July 16, 2015, the Court entered a Scheduling Order closing discovery March 1, 2016, and providing that any motions to amend be filed by October 30, 2015.  (CM/ECF No. 12.)  The Court entered two more scheduling orders on February 29 and June 9, 2016, extending discovery; neither order contained a deadline by which motions to amend were to be filed. (CM/ECF Nos. 23 and 28.)  Pursuant to the June 9 Order, discovery was set to close September 1, 2016.  (CM/ECF No. 28.).  Following several conferences, the Court entered an Order on June 20, 2016, referring the case to mediation and staying the case for 90 days.  Mediation was reported unsuccessful on July 29, 2016.

Since that time the case went off schedule for a variety of reasons.  In that time period, the Court has held at least nine case management and settlement conferences with the parties.  Additionally, the Court has ruled on three motions to withdraw as counsel for Plaintiff filed by three different lawyers—the first two granted; the third

---

[1] Mondelez filed a motion to dismiss on December 29, 2014, and Plaintiff cross-moved for leave to amend his Complaint.  The Court denied Defendant's motion and granted Plaintiff's cross-motion to amend.  (CM/ECF No. 8.)

denied.² The Court conducted hearings on all three motions. Consequently, prosecution of this case has barely begun. Despite discovery having been open for nearly 14 months, it is just really beginning. Plaintiff now again moves for leave to amend his Complaint.

## B. *Plaintiff's Motion to Amend*

There are three different aspects to Plaintiff's motion to amend. Plaintiff seeks leave to file a Second Amended Complaint (SAC) to: (1) add two new parties; (2) add two new causes of action, and (3) to amplify the existing allegations to include facts which allegedly were revealed through written discovery.

First, Plaintiff seeks to add Mondelez International Holdings LLC ("MIH") and Mondelez Global LLC ("MG") as defendants. Although the named defendant is Mondelez International, Inc., Plaintiff claims, with some basis, that it is unclear which entity was actually Plaintiff's employer. He further claims that the way Mondelez conducts business, intermixing the three entities without regard to corporate formalities, warrants treating them as one and the same. In support of his argument, Plaintiff notes that although Mondelez is the defendant, MIH filed the Answer to the Complaint and has represented that it is Plaintiff's employer.³ Plaintiff also relies on a letter sent to

---

² On March 17, 2017, Plaintiff's then counsel filed a motion to withdraw which, following a hearing, the Court granted on June 1, 2017. Thereafter, Plaintiff's new counsel filed a motion to withdraw on October 17, 2017. Following a hearing on the record on November 8, 2017, and the Court granted the motion. Plaintiff's current counsel moved to withdraw on August 23, 2018. (CM/ECF No. 76.) The Court denied the third motion, without prejudice, on November 30, 2018. (CM/ECF No/ 92.)

³ Defendant concedes that MIH was Plaintiff's employer and takes the position that the letter from MG's in-house counsel incorrectly stated that MG terminated Plaintiff's employment. (Declaration of Richard J. Cino ("Cino Decl." Ex. 1); Def.'s Br. at 5, n. 3.)

Plaintiff's prior attorney from MG's in-house counsel wherein she refers to MG as Plaintiff's employer, in direct contrast to MIH's representation that it employed Plaintiff.  Finally, Plaintiff's Termination Notice dated May 19, 2014, indicates that he was being terminated for violation of MG's Code of Conduct—a fact which Plaintiff further argues justifies the addition of these two entities as defendants.

Second, Plaintiff also seeks to plead new factual allegations–45 new paragraphs and revisions to 9 paragraphs–as well as to plead additional remedies including damages for emotional distress, pain and suffering, humiliation, loss of reputation, and liquidated damages.  Among the new allegations Plaintiff seeks to assert is that he mostly worked in New York.

Finally, based on the fact that Plaintiff and Defendant both now say that he worked in New York, Plaintiff also seeks to add two additional claims for age discrimination under the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. ("NYSHRL") and the New York City Human Rights Law, N.Y. Admin. Code §§ 8-101, et seq. ("NYCHRL").

## DISCUSSION

### A. *Legal Standard*

Requests to amend pleadings are usually governed by the rather liberal Federal Rule of Civil Procedure 15. However, when a party seeks to amend beyond a deadline in a scheduling order, the more demanding standard of Rule 16 applies.  Under Rule 16, a party must show "good cause" to alter the scheduling order.  See Fed.R.Civ.P. 16;

Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (good cause standard when determining the propriety of a motion to amend after the deadline elapsed). Which Rule is followed in important in this case, because under the circumstances here, Plaintiff would appear to have a monumental struggle to establish "good cause."

Rule 15 is the correct standard to use for this motion. Although technically there was one deadline in the first scheduling order (October 30, 2015) which passed more than three years ago, and even though there were subsequent scheduling orders, the date for moving to amend was never updated. More importantly, due to motion practice, stay during referral to mediation, numerous settlement conferences with the Court, multiple changes of counsel and motions to withdraw, this case never really got started. Very little discovery has taken place. Thus the anachronous amendment deadline is grossly outdated and in reality, of no moment. It would be unjust to apply the deadline to this case because the entire scheduling order was never followed. The contemplation in preparing the initial scheduling order was to have the amendment deadline near the deadline for the close of discovery. Requiring amendment prior to any real discovery is not fair. Regretfully, the progress of this case was sidetracked and Rule 15 must govern the instant motion to amend. The prior scheduling order(s) have been inoperative for some time.

Rule 15 provides that once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's

leave." Fed. R. Civ. P. 15(a)(2).  Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility.  Foman v. Davis, 371 U.S. 178, 182 (1962).  The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion.  See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).  The Third Circuit has "made clear that there is to be a liberal use of Rule 15 to amend complaints so as to state additional causes of action."  Leased Optical Dep't, Inc. v. Opti-Center, Inc., 120 F.R.D. 476, 479 (D.N.J. 1988) (quotations omitted).

### B.  *Plaintiff's Proposed Amendment*

#### 1.  *Delay But No Real Prejudice*

No question, there has been delay in seeking leave to add the claims and the parties by way of this motion.  However, the Court is hard-pressed to find any prejudice. "Prejudice to the non-moving party is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).  Incidental prejudice is insufficient grounds on which to deny leave to amend.  See In re Caterpillar, Inc., 67 F.Supp.3d 663, 668 (D.N.J. 2014).  In determining whether there is prejudice, the court considers whether an amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the case; or (3) prevent the non-moving party from bringing a timely action in another forum.  See, e.g., Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).  The absence of prejudice makes any delay irrelevant to the decision to

amend. The case is not nearly over; in some ways it's just getting moving. As described above, there will be additional discovery needed, irrespective of the amendment. There is no trial date. Thus, any delay has little to no effect on the timing of resolution of this matter.

Plaintiff's proposed amendment is not unduly prejudicial so as to warrant denial of leave. First, Neither Mondelez nor the proposed new defendants—MIH and MG—would be prejudiced in any material way by amendment. MIH has litigated this case from the outset (filing the Notice of Removal, Answer, etc.) and even concedes that it is the entity that employed Plaintiff. MG has been on notice of Plaintiff's claims before they were even filed. See Declaration of Aimee S. Lin. ("Lin Decl.") Ex. 3. Given the questions of fact that surround MG's involvement in Plaintiff's termination, whether it is a proper party to this case is unclear. Whether MG is a proper party to this action can only be determined through discovery and perhaps dispositive motion practice, if appropriate. That said, any claims against MG, at least at this stage of the proceedings and with the record before this Court, are not so clearly futile so as to deny leave to add it as a party. To the extent Mondelez contends that it should be dismissed from the action, that can only be achieved by consent of the parties or on a motion to dismiss.

Second, the theories in the proposed SAC involve the same general allegations—age discrimination—even if the allegations are more fulsome or are used to support slightly different claims under New York law. Defendant has made no showing that its ability to defend this case would be seriously impaired by the addition of these new claims, or require Defendant to expend significant additional resources to conduct

discovery, this in light of the fact that only one deposition in this case has been taken so far–that of Plaintiff. Any prejudice in this case is "incidental" and thus will not operate to deny Plaintiff the right to amend.

Third, the amendment will not, as a practical matter, delay resolution of this case. Notwithstanding the fact that this matter was filed some four years ago, it is nowhere near over. While written discovery and documents have been exchanged, only Plaintiff has been deposed. Regardless of an amendment, it is clear that depositions of key witnesses still need to be taken, as well as expert discovery, if needed. The addition of new parties—one of which has been litigating this case from its inception and the other which has long been aware of the potential claims against it—will not have a material effect on when the merits of this action are reached.

"Delay alone . . . is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978); Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (district court erred in not permitting amendment 10 years after original complaint when there was no demonstrated prejudice). Delay is only undue when it places a burden on the Court or causes prejudice to the non-moving party. Marlowe Patent Holdings v. Dice Electronics, LLC, 293 F.R.D. 688, 695 (D.N.J. 2013).

   2. *The Amendment is Not Clearly Futile*

The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002)

("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). An analysis of futility under Rule 15 does not contemplate substantive motion practice on the merits of the claims:

> If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J.1990) (emphasis added); see also 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990). Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face. . . ." Marlowe Patent Holdings, 293 F.R.D. at 695.

Plaintiff's proposed amendment to add MIH and MG as defendants is not clearly futile or frivolous. MIH removed this case and filed an Answer. (CM/ECF Nos. 1, 10.) The factual allegations surrounding MG's participation in Plaintiff's termination certainly

suggests the possibility that it was one of Plaintiff's employers, or at the very least, blurs the relationship among the entities and their potential liability to Plaintiff. That said, any potential claims against MG or MIH, at least at this stage of the proceedings and with the record before this Court, are not so clearly futile so as to deny leave to add it as a party.[4]

Nor are Plaintiff's proposed claims for age discrimination under New York law clearly futile or frivolous. Plaintiff's proposed SAC appears to set forth sufficient facts to state an age discrimination claim. Indeed, Plaintiff alleges that he worked for Defendant or its predecessors since 2004, that he was subjected to ageist remarks from his co-worker and manager, and that Plaintiff's age (54 at the time) was the legal cause for his termination.[5] Moreover, Plaintiff alleges, and Defendant concedes, that Plaintiff worked in New York. It appears, at least for the limited purpose of this motion to amend, that Plaintiff may be able to state a claim for age discrimination under New York law.

Defendant argues, however, that any claim under New York law would be time-barred. Defendant contends that the New York statutes are governed by a 3-year statute of limitations and therefore Plaintiff's proposed claims, if his amendment were granted, would be out of time. Conversely, relying principally on "relation back" in Rule 15(c)(1), Plaintiff maintains that the age discrimination claims under New York law relate back to the Plaintiff's NJLAD claim and consequently would not be time-barred. See Rule

---

[4] To the extent Mondelez contends that it should be dismissed from the action, that can only be achieved by consent of the parties or on a motion to dismiss.

[5] The parties do not appear to dispute that the facts in the proposed SAC, if taken as true, would support an age discrimination claim nor has Defendant sought to dismiss the NJLAD claim under 12(b)(6) pled in the FAC. It bears noting also that both the NYSHRL and the NJLAD turn on the same federal framework. See e.g., Robles v. Cox & Co., 987 F. Supp.2d 199, 205 (E.D.N.Y. 2013) ("a claim brought pursuant to the …NYSHRL is analyzed under the burden-shifting framework set forth by the Supreme Court in McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973)")

15(c)(1). To this end, Plaintiff contends that the proposed New York age-discrimination claims would relate back to those already pled under NJLAD because they arise substantially out of the conduct set out in the FAC.

The statute of limitations issue is not fully briefed on this motion to amend. And it is at least conceivable that the Court could find that the allegations in the FAC gave Defendant fair notice of the general facts surrounding the age discrimination claim that Plaintiff now seeks to pursue under New York law. As noted, there is an existing age discrimination claim under NJLAD. The facts giving rise to the NJLAD claim are arguably, at their core, the same facts which would support a claim under the NYCHRL and NYSHRL. See Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004) (application of Rule 15(c)(1) generally includes a "search for a common core of operative facts in the two pleadings.") Plaintiff's claims are not frivolous on their face. Some of them may ultimately fail. However, for purposes of this motion, the Court is not able to conclude that any of Plaintiff's claims are clearly futile so as to deny amendment. See Harrison Beverage Co., 133 F.R.D. at 468.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend is **granted.**

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated: January 29, 2019**