# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIHO MARINAC,<br><br>        Plaintiff,<br><br>v.<br><br>MONDELEZ INT'L, INC.,<br><br>        Defendant. | Civ. No. 2:14-7606 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter comes before the Court on Defendant Mondelez International Inc.'s ("Mondelez") appeal of Magistrate Judge Mark Falk's January 29 Opinion and Order granting Plaintiff Tiho Marinac ("Marinac") leave to file a second amended complaint. ECF No. 107. The Court decides the matter on the papers without need for oral argument. L. Civ. R. 78.1(b). For the reasons set forth below, the Magistrate's decision is **AFFIRMED**.

## I. BACKGROUND

The underlying facts and procedural history of this matter were laid out in the Magistrate's Opinion, familiarity with which is assumed. ECF No. 102 ("Opinion").

As relevant here, Marinac alleges Mondelez discharged him on the basis of age, in violation of the New Jersey Law Against Discrimination ("NJLAD"). On July 16, 2015, the Magistrate issued a scheduling order setting October 30, 2015, as the deadline to amend pleadings and add new parties. ECF No. 12. That deadline expired without action from Marinac. Over three years later, he sought leave to file a second amended complaint. ECF No. 70. Specifically, Marinac intended to: (1) add Mondelez International Holdings, LLC and Mondelez Global LLC as defendants; (2) add age discrimination claims under both New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"); and (3) amplify the allegations to include pertinent facts learned through discovery. The Magistrate granted Marinac's motion to amend the complaint. Mondelez now appeals, claiming the Magistrate's decision was contrary to law and should be reversed. Def.'s Br. 7–27, ECF No. 107-1.

Mondelez contends the Magistrate applied the wrong legal standard and should have analyzed whether Marinac made the requisite "good cause" showing under Rule 16 because he sought leave to amend after the scheduling order's filing deadline. *Id.* at 8–13. And even if Rule 15 was the correct standard, Mondelez argues Marinac's motion should have been denied. *Id.* at 13–27.

1

## II. LEGAL STANDARD

Motions to amend a complaint are considered nondispositive. *See Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998). A district court reviewing a magistrate's resolution of nondispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

A finding is clearly erroneous only if the court reviewing "the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A ruling is contrary to law if the magistrate misapplied or misinterpreted applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The Court reviews findings of fact for clear error and legal conclusions *de novo*. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

## III. DISCUSSION

The Court has reviewed the Opinion, considered the parties' arguments, and finds no errors of fact or law.

The Magistrate identified two standards in reviewing motions to amend pleadings. When presented with a motion to amend the complaint after a responsive pleading has been served, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, absent undue delay, bad faith, dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility, leave to amend "should, as the rules require, by 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). But when seeking leave to amend past a court's scheduling order deadline, the movant must show "good cause" for the untimely motion before a court considers amendments under Rule 15(a). Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent").

"The Third Circuit has made clear that there is to be a 'liberal use of Rule 15 to amend complaints so as to state additional causes of action.'" *Leased Optical Dep'ts-Montgomery Ward, Inc. v. Opti-Center, Inc.*, 120 F.R.D. 476, 479 (D.N.J. 1988) (quoting *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (per curiam)). This policy "ensures that a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) ("[A]llowing amendments to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules—the determination of cases on their merits."). In age discrimination cases like here, courts have found the same federal framework governs NJLAD, NYSHRL, and NYCHRL claims. *See Skoorka v. Kean Univ.*, Civ. No. 16-3842, 2018 WL 3122331, at *14 n.8 (D.N.J. June 26, 2018); *Devlin v. Transp. Commc'ns Int'l Union*, Nos. 95 Civ. 0742, 95 Civ. 10838, 2002 WL 413919, at *10 (S.D.N.Y. Mar. 14, 2002) (citations omitted).

Here, despite multiple re-scheduled conferences, ECF Nos. 13, 16, 19, 21, 25–27, 32–35, 38; eight settlement conferences with the court, ECF Nos. 21(a), 23(a), 27(a),

35(a), 36(a), 51(a), 52(a), 69(a); a 90-day litigation stay during referral to mediation, ECF No. 29; and multiple changes in counsel, including two motions to withdraw by counsel for Plaintiff, ECF Nos. 39, 54, the parties remain embroiled in the early stages of discovery, *see* Op. at 5. No doubt, "this case never really got started." *Id.* Under such circumstances, the Third Circuit has sanctioned the use of the more liberal Rule 15 standard. *Mullin v. Balicki*, 875 F.3d 140, 149–55 (3d Cir. 2017) (finding amendment possible under Rule 15 when plaintiff sought leave to amend outside a scheduling order deadline); *Boileau*, 730 F.2d at 938–39 (finding, in the absence of undue prejudice to the defendant, the court erred in denying the plaintiff leave to amend under Rule 15 *ten years* after the complaint was filed); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425–27 (3d Cir. 1981) (finding no abuse of discretion in allowing amendment under Rule 15 when trial had already begun, "[s]ince the trial judge did not find that the Government's action rose to the level of deliberate deception or flagrant abuse and there was no prejudice proven," and also noting that "rigid adherence to formalities and technicalities must give way before the policies underlying Rule 15."). Accordingly, the Court finds no reason to disturb the Magistrate's application of Rule 15.

The Magistrate's analysis makes sense here because this "case is not nearly over; in some ways it's just getting moving." Op. at 7. "There will be additional discovery needed, irrespective of amendment." *Id.* Mondelez suffers minimal, if any, prejudice if Marinac added as parties its two corporate affiliates. The newly added parties share the same name, officers, and company headquarters as Mondelez and employ relevant witnesses who Marinac may seek to depose. *See Walters v. Johnson & Johnson*, Civ. No. 11-6545, 2014 WL 886879, at *9 (D.N.J. Mar. 5, 2014) (imputing knowledge and notice of plaintiff's claim to an indirect subsidiary when the defendant should have known that plaintiff mistakenly named the parent corporation). Further, adding the NYSHRL and NYCHRL age discrimination claims to the already pending NJLAD age discrimination claim does not compel Mondelez to expend significant, additional resources defending against either or both of the New York claims. This is because the NYSHRL, NYCHRL, and NJLAD claims turn on the same federal framework. *See Mirabella v. Oasis Foods Co.*, Civ. No. 12-6218, 2014 WL 7272955, at *5 (D.N.J. Dec. 16, 2014) (citing *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006)); *Skoorka*, 2018 WL 3122331, at *14 n.8. Finally, no final pretrial conference or trial date has even been scheduled. "Thus, any delay has little to no effect on the timing of resolution of this matter." Op. at 7.

In light of this case's procedural posture and Mondelez's failure to show undue prejudice, the Court sees no reason to upset the Magistrate's decision allowing Marinac to amend his complaint.

## IV. CONCLUSION

Based on the foregoing, the Magistrate's Opinion granting Marinac leave to file a second amended complaint is **AFFIRMED**.

 */s/ William J. Martini*
 **WILLIAM J. MARTINI, U.S.D.J.**