# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIHO MARINAC,<br><br>    **Plaintiff,**<br><br>  v.<br><br>MONDELEZ INTERNATIONAL, INC., *et al.*,<br><br>    **Defendants.** | Civ. No. 2:14-7606-WJM-MF<br><br>OPINION |

**FALK, U.S.M.J.:**

  This matter comes before the Court upon *sua sponte* review of the record. On January 21, 2019, the Court gave the parties notice and directed briefing on whether this case should be transferred under 28 U.S.C. § 1404(a). Order to Show Cause, CM/ECF No. 104. The Court has jurisdiction under 28 U.S.C. § 1331 and decides the matter without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, this Court transfers this case to the United States District Court for the Southern District of New York.

  **I. BACKGROUND**

  This is an age discrimination case originally brought under the New Jersey Law Against Discrimination ("NJLAD"). On January 29, 2019, the Court granted Plaintiff Tiho Marinac leave to file an amended complaint to add age discrimination claims under New York State and New York City Human Rights Law. Opinion, CM/ECF No. 102. This amendment was based on the unanimous representation that Plaintiff was employed

1

in New York. When considering Plaintiff's motion to amend, the Court questioned whether this case was proceeding in the most appropriate judicial district. Order at 1. Specifically, both parties took the position that Plaintiff lived and worked in New York and the case was governed by New York anti-discrimination laws (although Plaintiff has thus far maintained his NJLAD claim as an alternative pleading). The Court thus ordered the parties to brief whether this case should be transferred under 28 U.S.C. § 1404(a). Id. at 2. The parties responded; both opposed transfer. Defs.' Ltr., CM/ECF No. 111; Pl.'s Ltr., CM/ECF No. 112.

The matter is ripe for disposition after the District Court, on April 22, 2019, denied Defendant Mondelez International Holdings' appeal of this Court's decision granting Plaintiff leave to amend. District Court Opinion & Order, CM/ECF Nos. 120–21.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Therefore, in deciding a motion to transfer, the Court must first determine whether the alternative forum is a proper venue." Kane v. Ollie's Bargain Outlet Holdings, Inc., 18-cv-3475, 2018 WL 6168085, at *2–3 (D.N.J. Nov. 26, 2018); Weichert Real Estate Affiliates, Inc. v. CKM16, Inc., 2018 WL 652331, at *3 (D.N.J. Jan. 31, 2018). Once proper venue is established, the decision whether to transfer falls in the sound discretion of the trial court. Kane, 2018 WL 6168085, at *2.

## III. DISCUSSION

Both sides contend the case should remain in New Jersey. Defendants argue this Court is best positioned to adjudicate the New Jersey and New York age discrimination claims because Plaintiff chose this forum and the case has been here for some time. Defs.' Ltr. at 1. Plaintiff is a citizen and resident of New York, acknowledges working for Defendant in New York, and concedes venue is appropriate in the Southern District of New York. Nevertheless, Plaintiff still contends his choice of an arguably improper forum should prevail. Pl.'s Ltr. at 1. However, a review of the record and governing case law supports transfer to the Southern District of New York. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (court balances private and public interest factors to determine whether litigation would more conveniently proceed and interests of justice would be better served by transfer).

The private interest factors, other than Plaintiff's forum choice, were not materially addressed by the parties, probably due to the proximity of the two districts. The Court primarily bases its decision on two of the public interest factors, as set forth below, which override Plaintiff's choice of forum.

The connection to New York is compelling and thus New York has a strong public interest in the litigation. Plaintiff is a New York resident and worked from his home in New York City. Am. Compl. ¶¶ 5, 10, ECF No. 108. Therefore, any dispute stemming from his employment more properly belongs in New York. Any possible doubt as to the location where Plaintiff worked is dispelled by Defendants' unequivocal statements in motion briefing filed with this Court:

- "at all times relevant to the complaint [Plaintiff] was employed . . . in New York" (CM/ECF No. 73 at 12.)

- "Plaintiff was unequivocally advised of . . . the fact that he was not employed . . . in New Jersey, but rather in New York" (Id. at 23.)

- "unemployment insurance taxes were paid in the state in which [Plaintiff] work[ed] – New York" (Id. at 5.)

- "during settlement negotiations between the parties, . . . the weaknesses with Plaintiff's case were repeatedly pointed out including . . . the fact that Plaintiff could not maintain an LAD claim because he was at all relevant times employed in New York" (Id. at 6-7.)

- "Defendant reminded Plaintiff that he was employed in New York and, therefore, unemployment taxes were paid in New York" (Id. at 16.)

By contrast, this case has little to do with New Jersey. Defendants are incorporated in states other than New Jersey and New York, with a common principal place of business in Illinois. Defendants do have a presence in New York and New Jersey. Id. ¶ 9. However, the New Jersey connection is that in March 2014, Plaintiff alleges that he was called to Defendants' New Jersey office where he was questioned about certain conduct that allegedly occurred in Pennsylvania. Id. ¶¶ 28, 36.

Despite the parties' curious preference to have this case continue in New Jersey, this is a New York centric case. Plaintiff essentially has conceded that this is really a New York cause of action governed by New York employment law. Plaintiff stated in his briefing seeking to amend the Complaint to add New York claims that he "will suffer a grave injustice if he cannot litigate his age discrimination claim under [New York law]" because he "worked . . . in New York City when not traveling for business" and if forced to proceed without the New York law claims he will "risk losing his 'day in court.'"

4

Brief, CM/ECF No. 70. The law is consistent with Plaintiff's concerns. Although Plaintiff alleges age discrimination under New York and New Jersey law, he cannot prevail on both New Jersey and New York age discrimination claims. NJLAD governs "conduct in New Jersey, not outside the state." Buccilli v. Timby, Brown & Timby, 660 A.2d 1261, 1263 (N.J. Super. Ct. App. Div. 1995) (citation omitted). Courts in New Jersey "have consistently . . . only applied the NJLAD if the plaintiff worked in New Jersey." Satz v. Taipina, Civ. No. 01-5921, 2003 WL 22207205, at *16 (D.N.J. Apr. 15, 2003). Plaintiff was employed in New York. Even if Defendants' decision to investigate Plaintiff occurred in New Jersey, that action alone does not support an NJLAD claim for a New York employee employed in New York.

Under New York law, a plaintiff can state a discrimination claim if he lived and worked in New York at the time he suffered the "impact" of discrimination. See Hoffman v. Parade Publ'ns, 15 N.Y.3d 285, 289–91 (2010) (explicitly rejecting plaintiff's argument that he could allege a NYCHRL claim because the "decision to terminate" took place in New York City). For alleged discriminatory acts occurring "outside New York City, the relevant location of the injury for purposes of the impact analysis is . . . the [p]laintiff's place of employment." Robles v. Cox & Co., 841 F. Supp. 2d 615, 625 (E.D.N.Y. 2012). Thus, A federal court in the Southern District of New York, sitting in diversity, should more properly hear Plaintiff's New York State and New York City Human Rights Law claims.

In addition, another public interest factor, the relative congestion of the two districts, favors transfer to the Southern District of New York. The District of New

Jersey is currently short-handed and is in a "judicial crisis." The District of New Jersey handled more cases than any other district in the country last year, including approximately 10,000 more than the Southern District of New York.[1] A transfer to the Southern District of New York will likely permit the matter to proceed to resolution more quickly and free up judicial resources. Consideration of the relative docket congestion weighs in favor of transfer.

## IV.     CONCLUSION

For the above-stated reasons, this case is transferred to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404(a). An appropriate Order follows.

  s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated: July 12, 2019**

---

[1] See District Courts-Combined Civil and Criminal Federal Court Management Statistics (March 31, 2019), http://www.uscourts.gov/statistics/table/na/federal-court-managmenet-statistics/2019/03/31-3; see also  http://www.nj.com/news/2019/06/one-federal-court-judge-in-nj-says-she-is-handling-thousands-of-cases-as-judicial-crisis-worsens.html.